IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK KING,** | : |
| **Plaintiff** | : Civil No. 1:11-CV-1112 |
| v. | : |
| **MANSFIELD UNIVERSITY OF PENNSYLVANIA,** *et al.*, | : |
| **Defendants** | : Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

On February 10, 2014, a conference call was held between counsel and the court concerning another discovery dispute in the captioned case. Specifically, Plaintiff is resisting Defendants' request for a mental examination of Plaintiff. In support of his position, Plaintiff argues that Defendants have: (1) failed to file a motion pursuant to Federal Rule of Civil Procedure 35(a)(2); and (2) failed to demonstrate good cause for Plaintiff to submit to such an examination. Plaintiff also argues that Defendants' request is untimely. For the foregoing reasons, Plaintiff's position is unconvincing, and Plaintiff will be directed to submit to a mental examination.

**I.      Background**

Because the court writes primarily for the parties, it only need set forth the following details essential to explain its reasoning. Plaintiff filed an amended complaint on May 20, 2013, in which he alleged, *inter alia*, that he suffered mental and emotional distress due to Defendants' actions. (Doc. 33.) The period for fact discovery closed on December 17, 2013. (Doc. 48.) Defendants' expert report is due on February 13, 2014, and expert depositions are to be completed no later than February 28, 2014. (Doc. 52.) Based on the representation of counsel during the conference call, Plaintiff's expert, in his report disclosed to Defendants last month,

opined that Plaintiff currently experiences psychological distress, despite there being no indication of continued mental or emotional distress in the medical records.

## II.        Legal Standard

Pursuant to Federal Rule of Civil Procedure 35, the court may order a party to submit to a mental examination only if that party's mental condition is "in controversy" and the movant has shown "good cause" for the person to be examined. *See generally* Fed. R. Civ. P. 35(a). District courts in the Third Circuit have articulated several purposes behind Rule 35(a):

> One of the purposes behind Rule 35 is to level the playing field between the two parties in cases where a party's physical or mental condition has become an issue. Granting a request for a psychiatric examination pursuant to Rule 35 is to preserve [ ] the equal footing of the parties to evaluate the plaintiff's mental state.

*Womack v. Stevens Transp., Inc.*, 205 F.R.D. 445, 446 (E.D. Pa. 2001) (internal citations and quotation marks omitted). Under the plain language of the rule, an order compelling a mental examination under Rule 35 may be issued only where the mental condition of the party is "in controversy" and there is "good cause" for the order. Fed. R. Civ. P. 35(a)(1) & (2); *accord Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Nevertheless, even when good cause is shown, whether to order a proposed examination is committed to the discretion of the court. *Shirsat v. Mutual Pharm. Co.*, 169 F.R.D. 68, 69-70 (E.D. Pa. 1996). This is consistent with the principle that the Federal Rules of Civil Procedure be construed liberally in favor of granting discovery.

## III.       Discussion

### A.        In Controversy

During the conference call, Plaintiff conceded that his mental condition is "in controversy" within the meaning of Rule 35. *See Bowen v. Parking Auth. of*

*Camden*, 214 F.R.D. 188, 193 (D.N.J. 2003) (noting that a plaintiff will be required to undergo a mental examination when he or she concedes that his or her mental condition is in controversy within the meaning of Rule 35). Moreover, the court independently concludes that, based on the averments set forth in the amended complaint, Plaintiff has placed his mental condition in controversy.

### B. Good Cause

Having no trouble determining that Plaintiff's mental condition is in controversy, the second issue the court must consider is whether Defendants have established good cause for the requested examination, a consideration that turns on the relevancy and need for the psychiatric mental health examination. *See Womack*, 205 F.R.D. at 447. Good cause requires a showing that the examination could adduce specific facts relevant to the cause of action and is necessary to the defendant's case. *Id.* (citing *Ragge v. MCA/Universal*, 165 F.R.D. 605, 608 (C.D. Cal. 1995)).

A mental examination is relevant in this case because, without it, the defense would be limited to the mere cross examination of evaluations offered by Plaintiff's expert, which is an "insufficient test of truth," especially in light of the independent examinations prescribed by Rule 35. *Id.* (citing *Tomlin v. Holeck*, 150 F.R.D. 628, 632 (D. Minn. 1993)). Accordingly, the relevance requirement is satisfied in the present case because Defendants should be afforded the opportunity to examine Plaintiff in order to determine whether Plaintiff suffers from a mental condition allegedly sustained by the actions underlying this action.

In deciding whether there is a need for a mental examination, the court must examine the "ability of the movant to obtain the desired information by other means." *Schlagenhauf*, 379 U.S. at 118. In the instant case, there are no other means of determining Plaintiff's present psychological state. Thus, the court finds that

3

Defendants have satisfied the "relevance" and "need" requirements, and concludes that Defendants have met their burden of affirmatively showing "good cause" to conduct a mental examination of Plaintiff.

### C. Timing of Defendants' Request

In essence, Plaintiff's resistence turned on the arguably belated timing of Defendants' request. Specifically, Plaintiff accurately notes that ordering Plaintiff to undergo a psychological examination at this stage of the litigation would require the court to extend the remaining deadlines. While this is a valid concern, it does not warrant denying Defendants' request in light of the highly relevant nature of the examination. Accordingly, the court will permit Defendants to conduct a mental examination of Plaintiff and will issue an amended case management order extending the remaining litigation deadlines.

### D. Plaintiff's Request for Counsel's Presence

At the close of the conference call, Plaintiff moved for a "protective order," requesting that his counsel's presence be permitted during the examination. Defendants objected to this request, arguing that counsel's presence would be improper. The court agrees with Defendants and will accordingly deny Plaintiff's request.

By specifying that the court may determine "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it," Fed. R. Civ. P. 35(a)(2)(B), Rule 35 consigns the procedures to be used in conducting the mental health examinations to the sound discretion of the court, an approach that is consistent with the general guidance of the Federal Rules of Civil Procedure. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). While Rule 35 does not, by its terms, specify who may attend such a psychiatric examination, the majority rule adopted by federal courts, including those in the Third

Circuit, is that the court should exclude third-party observers, including counsel, from medical or psychiatric evaluations. *See Shirsat*, 169 F.R.D. at 71 ("[T]he need for effective psychiatric examinations militates against allowing an observer who could potentially distract the examining psychiatrist and examinee thereby compromising the results of the examination. Moreover, the presence of the observer interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry.").[1] Plaintiff failed to offer any special circumstances in support of his request that counsel be present. Therefore, in the exercise of its discretion, the court will decline Plaintiff's invitation to direct that the examination be conducted in the presence of counsel.

### IV.     Conclusion

In conclusion, the court finds that Plaintiff's mental condition is in controversy and that Defendants' request is both relevant and necessary in the preparation of their case. Furthermore, the court will exercise its discretion in ordering the mental health examination of Plaintiff because the highly pertinent value of the examination far outweighs the slight delay in trial deadlines.

---

[1] In a letter brief submitted February 11, 2014, Plaintiff urges the court to follow Pennsylvania procedural practice, arguing that Pennsylvania Rule of Civil Procedure 4010, the state counterpart to Federal Rule 35, permits counsel for a party to attend a mental examination. Indeed, some federal courts, including a district court in the Eastern District of Pennsylvania, have found the Pennsylvania practice rule persuasive authority for the proposition that counsel should be present at these examinations. Pennsylvania Rule 4010 is not, however, a substantive state legal standard which the court is obligated to apply under the Erie Doctrine. *See M.S. v. Cedar Bridge Academy*, Civ. No. 1:08-cv-2271, 2011 WL 1838885, *4 (M.D. Pa. May 13, 2011) (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010)). Here, although Plaintiff may be correct in arguing that "[h]ad [he] brought this case in the Commonwealth Court of Pennsylvania instead of the U[.]S[.] District Court, Plaintiff clearly would have had a right to an attorney present during his mental examination and would have had the right to record the session," the bottom line is that Plaintiff chose to bring this case in the United States District Court, which is subject to the Federal – rather than Pennsylvania – Rules of Civil Procedure. Moreover, courts in this district have considered Pennsylvania Rule 4010 in the context of a motion under Federal Rule 35(a) and the *Shirsat* line of cases, and have declined to order that the plaintiff's mental examination be conducted in the presence of counsel. *See, e.g.*, *Cedar Bridge Academy*, 2011 WL 1838885 at *4. The court finds this line of cases more persuasive. Accordingly, Plaintiff's February 11, 2014 letter brief is unpersuasive.

Accordingly, Defendants' request to subject Plaintiff to a mental health examination will be granted. Because Plaintiff has failed to offer any reason to justify his presence during the examination, Plaintiff's counsel may not attend this examination.

An appropriate order will issue.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated: February 11, 2014.