IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK KING,** | : |
| **Plaintiff** | : Civil No. 1:11-CV-1112 |
| v. | : |
| **MANSFIELD UNIVERSITY OF PENNSYLVANIA,** *et al.*, | : |
| **Defendants** | : Judge Sylvia H. Rambo |

## M E M O R A N D U M

Plaintiff's latest request for the court's intervention in a discovery dispute comes again in the form of a letter brief and requests the court to clarify the scope of its February 11, 2014 order permitting Defendants' Rule 35(a)(1) mental examination of Plaintiff. Defendants have responded to Plaintiff's letter. The court believes the issue is straightforward and can be resolved without conducting another conference with the parties. Because the parties are certainly familiar with the recent procedural history relevant to this discovery issue, the court sets forth only the background completely necessary to explain its decision to deny Plaintiff's request to limit the temporal scope of the examination.

### I.     Background

On February 10, 2014, a conference call was held between counsel and the court concerning a discovery dispute in the captioned case. Specifically, Plaintiff resisted Defendants' request to conduct a mental examination, arguing, *inter alia*, that Defendants failed to demonstrate good cause for Plaintiff to submit to such an examination and that Defendants' request was otherwise untimely. The court found that Defendants had demonstrated that Plaintiff put his mental condition in controversy and that good cause existed to order the examination. (Doc. 55.) The court further found Plaintiff's position as to the untimeliness of Defendants' request

unconvincing on the basis that Plaintiff's mental condition was highly relevant due to the allegations contained in the complaint and the types of damages demanded. (*Id*.)  Accordingly, the court directed Plaintiff to submit to a mental examination by a duly licensed examiner.  In so ordering, the court defined the scope as follows:

> **IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure 35(a), Defendants' request that Plaintiff submit to a mental examination conducted by Defendants' suitably licensed or certified examiner for the purposes of determining the existence and extent of claimed mental or emotional injuries is **GRANTED**.

(Doc. 56.)  In his letter brief, Plaintiff sets forth the following:

> Correct me if I am wrong, but it was my understanding that [the court was] permitting a Rule 35 mental examination to be conducted to address the issues of whether Plaintiff is still mentally affected by the events at Mansfield University and whether there is still a need for treatment. . . . I believe that your Order of February 11, 2014 is ambiguous because it does not specify the time period that the Rule 35 mental examination is supposed to address.  Is Dr. Biever being given *cart blanch* to address any and all time periods?  If Dr. Biever is being asked to give his expert opinion as to whether John Estep actually sexually harassed and sexually assaulted Plaintiff, or if Plaintiff actually suffered emotional harm at any time as a result of Mr. Estep's conduct and/or the University's failure to properly respond to it; then we would have serious objections 1) because of apparent bias on the part of Dr. Biever and 2) there is no excuse for Defendants' delay in seeking a mental examination on these related issues. . . . While we still have concerns about apparent bias, should this court so limit the time period to be covered by the Rule examination, we should be able to address our concerns of bias through the normal expert deposition/cross-examination process.

In their response to Plaintiff's letter brief, Defendants objected to any limitation on the scope of the examination, representing, *inter alia,* as follows:

> [P]laintiff's expert made it clear in her report that at least part of the purpose of her evaluation was "to determine what, if any, impact the experiences at Mansfield University, about which [P]laintiff complains, have had upon his psyche." According to [P]laintiff's expert, [P]laintiff has experienced several traumatizing events in his life when he was not at Mansfield. As [P]laintiff's counsel has done, we have asked our expert to look into which of these other events may have contributed to [P]laintiff's depression, and to what extent events that occurred at Mansfield University contributed to his condition.

With the parties' arguments adequately defined,[1] the court will address the merits of Plaintiff's request for an amendment to the order to limit the temporal scope of the examination.

## II.     Analysis

Plaintiff is correct that the court did not define or otherwise limit the temporal scope of the Rule 35 examination in its February 11, 2014 order. As explained in the court's memorandum accompanying its order, Defendants have shown good cause under Rule 35(a) for a psychological examination of Plaintiff. (Doc. 55.) Plaintiff clearly put his emotional and mental state at issue, which is likely to be a central factual dispute in reference to causation and damages. Relevant

---

[1] Plaintiff's argument regarding the proposed medical professional's apparent bias is unconvincing. During a conference call on February 20, 2014, Plaintiff initially argued that Dr. Biever should be disqualified because he was the subject of an anonymous internet accusation of inappropriate contact with a minor. Initially, Plaintiff reasoned that Dr. Biever would be biased against Plaintiff, whose claims of sexual harassment underlie the civil action, due to these accusations, which were made nearly a decade ago. Upon being questioned as to the reason any bias could not be expelled through cross-examination, Plaintiff switched his position, arguing that Plaintiff would be unable to provide candid responses as he would be guarded due to the accusations. The court indicated it would defer ruling on Plaintiff's request for disqualification until it received a state police report regarding the accuser from Defendants. The court has since received the requested state police report, and Plaintiff's inability to accurately represent himself during the Rule 35 examination with Dr. Biever is the subject of a forthcoming memorandum and order.

areas of inquiry may consist of questions regarding Plaintiff's past mental and emotional problems. The expert will most likely study Plaintiff's answers and reactions as a basis for forming an expert opinion. The defense is entitled to have such an examination. *See Schlagenhauf v. Holder*, 379 U.S. 104 (1964).

Plaintiff's "serious objection" to a mental examination not otherwise temporally limited is the same objection originally raised by Plaintiff and previously addressed by the court, to wit, Defendants' delay in their request. As previously explained, while Defendants' delay in seeking a Rule 35 examination is a valid concern, it does not warrant denying Defendants' request in light of the highly relevant nature of the examination. Plaintiff placed his mental and emotional condition at central focus when he filed his amended complaint on May 20, 2013, alleging, *inter alia*, that he suffered mental and emotional distress due to Defendants' actions. (Doc. 33.) A mental examination is highly relevant in this case because, without it, the defense would be limited to the mere cross examination of evaluations offered by Plaintiff's expert. Plaintiff's dissatisfaction with Defendants' justification for their delay is not nearly sufficient to warrant denying Defendants the ability to conduct a comprehensive mental examination of Plaintiff. Moreover, the court has already extended the case management deadlines to permit an examination. (Doc. 57.) Defendants shall be permitted to use the time for the examination in whatever way they deem appropriate within the confines of the applicable rules of procedure. Accordingly, the court will permit Defendants to conduct a mental examination of Plaintiff, temporally limited only by the parameters of Federal Rule of Civil Procedure 26(b)(1), and deny Plaintiff's request to amend the February 11, 2014 order.

**III.     Conclusion**

Based on the foregoing reasons, the court will exercise its discretion by not limiting Defendants' Rule 35 examination of Plaintiff previously ordered. Thus, Defendants will be permitted to conduct a mental examination limited only by the parameters of Rule 26(b)(1).

An appropriate order will issue.

s/Sylvia H. Rambo<br>United States District Judge

Dated: February 25, 2014.