IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK KING,** : | |
|     **Plaintiff** : | Civil No. 1:11-CV-1112 |
| : | |
| v. : | |
| : | |
| **MANSFIELD UNIVERSITY OF** : | |
| **PENNSYLVANIA,** *et al.*, : | |
| : | Judge Sylvia H. Rambo |
|     **Defendants** : | |

**M E M O R A N D U M**

**I.**     **Background**

In this civil action, Plaintiff alleged that Defendant Mansfield University failed to take appropriate action regarding sexual harassment to which he was subjected by another employee, in violation of Title VII of the Civil Rights Act of 1964 (Count I), and that two professors failed to accommodate his depression resulting therefrom, in violation of Title II of the Americans with Disabilities Act of 1990 (Count VI) and Section 504 of the Rehabilitation Act of 1973 (Count VII), and also asserted several state law causes of action arising under the Pennsylvania Human Relations Act (Count II) and the Pennsylvania Fair Educational Opportunities Act (Counts III, IV, and V). On July 28, 2014, the court entered summary judgment in favor of Defendants on each of Plaintiff's federal claims after finding that each claim was barred by the applicable statute of limitations, dismissed Plaintiff's Section 1983 claim against the unidentified defendants, and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. *King v. Mansfield Univ.*, Civ. No. 11-cv-1112, 2014 WL 3734551 (M.D. Pa. July 28, 2014), *recons. denied,* 2014 WL 4546524 (M.D. Pa. Sept. 12, 2014). Presently before the court is Plaintiff's motion to set aside the Clerk of Court's taxation of costs. (Doc.

99.) For the following reasons,[1] the court concludes that Plaintiff's arguments are without merit and will deny the instant motion.

In his Rule 54(d)(1) motion, Plaintiff seeks to set aside the taxation of costs in the amount of $6,553.27, entered by the Clerk of Court on December 5, 2014, which is comprised of $6,069.95 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, $52.43 for fees for witnesses, and $430.89 for fees for exemplification and costs of making copies of any materials where the copies are obtained for use in the case. (Docs. 97 & 98.) Plaintiff argues that Defendants are not prevailing parties and that the costs incurred would not have been necessary had Defendants raised the statute of limitations argument when first practicable.

## II.     **Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) provides, in part, as follows:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1). "The clerk's taxation of costs is subject to *de novo* review." *Simmons v. Poltrone*, Civ. No. 96-cv-8659, 2001 WL 1251464, *1 (E.D. Pa. Sept. 26, 2001) (citing *Greene v. Fraternal Order of Police*, 183 F.R.D. 445, 447 (E.D. Pa. 1998)). "Rule 54(d) creates a strong presumption that costs are to be awarded to the prevailing party." *Id.* (citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000)). "[T]he losing party bears the burden of making the

---

[1] In line with the strong presumption in favor of awarding litigation costs, the court is not mandated, by Rule 54(d)(1) or otherwise, to write an opinion when it affirms a Clerk of Court's award of litigation costs to a prevailing party. *See Reger v. Nemours Found.*, 599 F.3d 285, 289 (3d Cir. 2010). Nevertheless, the court writes for the parties here due to the nature of Plaintiff's contentions and the history of this case.

showing that an award is inequitable under the circumstances." *Paoli R.R.*, 221 F.3d at 462-63 (citation omitted). Among the factors that a court can consider in reviewing the taxation of costs are: (1) the unclean hands, bad faith, or dilatory tactics of the prevailing party; (2) the good faith of the losing party and the closeness and difficulty of the issues raised; (3) the relative disparity of wealth between the parties; and (4) the indigence or inability to pay a costs award by a losing party. *See id.* at 463. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Reger v. Nemours Found.*, 599 F.3d 285, 288 (3d Cir. 2010) (citing *Paoli R.R.*, 221 F.3d at 462-63).

### III.     Discussion

Plaintiff raises two objections to the Clerk's taxation of costs. Upon review thereof, the court concludes that the objections to the taxation of costs should be overruled and the instant motion must be denied.

#### A.     Defendants are the prevailing parties

Plaintiff primarily argues that Defendants were not the prevailing party under Rule 54. (Doc. 100, p. 2 of 6.) Although Plaintiff acknowledges that Rule 54 does not define "prevailing party," he cites to Idaho law, which he urges "reflect[s] the policy behind Federal Rule 54." (*Id.* at pp. 2-3 of 6.) Plaintiff's argument in this regard is without merit, and the court concludes that Defendants are clearly prevailing parties for purposes of Rule 54(d)(1).

In the Third Circuit, the standard used for determining prevailing party status is "whether plaintiff achieved 'some of the benefit sought' by the party bringing the suit." *Institutionalized Juveniles v. Secretary of Pub. Welfare*, 758 F.2d 897, 910 (3d Cir. 1985); *see also John T. v. Delaware Cnty. Intermediate Unit*, 318 F.3d 545, 555 (3d Cir. 2003). In applying this standard, it is important to identify

the relief plaintiff sought and, when relevant, the legal theories upon which relief was based. *Institutionalized Juveniles*, 758 F.2d at 911.  "Ordinarily, a party in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." *Tyler v. O'Neill*, 112 F. App'x 158, 161 (3d Cir. 2004) (citing 10 C. Wright et al., Federal Practice & Procedure § 2667 (3d ed. 1998)).  Significant to the prevailing party inquiry is whether the resolution of the dispute materially altered the legal relationship between the parties. *See Truesdell v. Philaelphia Hous. Auth.*, 290 F.3d 159, 163-64 (3d Cir. 2002).

Where a defendant successfully defends against a plaintiff's substantial claims and judgment is entered accordingly, the defendant is generally considered the prevailing party for purposes of Rule 54(d)(1).  *Tyler*, 112 F. App'x at 161 (citing *Russian River Watershed Prot. Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998)).  Indeed, a dismissal of the action, whether on the merits or not, generally means that the defendant is the prevailing party.  In *Long v. Howard University*, 561 F. Supp. 2d 85, 96-97 (D.D.C. 2008), the defendant-university was entitled to costs as a prevailing party in an action brought by the plaintiff-student under the Americans with Disabilities Act and the Rehabilitation Act.  In that case, the defendant was considered the prevailing party because the plaintiff's claim was barred by the statute of limitations despite the jury's finding that the plaintiff was denied a reasonable accommodation for his disability. *Id*. at 96.

Here, judgment was entered in Defendants' favor on each of Plaintiff's federal claims based on the operation of the statute of limitations.  The court's refusal to exercise supplemental jurisdiction over Plaintiff's state law claims does not change the fact that Defendants are "fully the prevailing party in *this* federal case." *See Sasser v. Amen*, 57 F. App'x 307, 309 (9th Cir. 2003) (emphasis in original).

Moreover, Plaintiff's reliance on *Sparks* is misplaced. In *Sparks*, the district court of Nevada dismissed the case for improper venue based on forum selection clauses contained in the franchise agreements at the heart of the parties' dispute. *See Sparks Pita Store, LLC v. Pita Pit, Inc.*, Civ. No. 3:08-cv-0512, 2010 WL 173901, *1 (D. Nev. Jan. 14, 2010). The *Sparks* court held that the defendants were not the prevailing party because the same claims were still available to the plaintiff to be asserted in a proper forum. The matter *sub judice* is distinguishable from *Sparks* for several reasons. First, *Sparks* involved attorney's fees rather than costs, and costs carry a presumption of taxation against the losing party under Rule 54(d)(1). Second, the authority for seeking those fees was contractual, rather than statutory, as is the case here. Third, the plaintiff's claims were not addressed at all; rather, the entire action was transferred to another forum pursuant to the forum selection clause. Quite simply, the plaintiff in *Sparks* could bring the same claims in a different forum.

The instant matter is more akin to the posture in *Miles v. State of California*, 320 F.3d 986 (9th Cir. 2003). In that case, the defendant was deemed to be the prevailing party in the context of an award of costs by the district court under Rule 54(d) even though the plaintiff's lawsuit against the defendant under the Americans with Disabilities Act was dismissed, without prejudice to the right of the employee to seek any available relief in the state court, due to Eleventh Amendment immunity. The court ascribed prevailing party status to the defendant after concluding that the disposition materially altered the legal relationship of the parties because the dismissal eliminated the federal ADA claim from further proceedings in federal court. Similarly, the court's disposition of Plaintiff's federal claims, without prejudice to Plaintiff's right to seek any available relief in state court, eliminated the federal claims from further proceedings in federal court. Unlike the plaintiff in

*Sparks*, Plaintiff cannot bring the dismissed claims in a different forum. Thus, the legal relationship between the parties has been materially altered.

Based on the foregoing, Defendants prevailed on each of Plaintiff's federal claims. That Plaintiff may attempt to reassert similar state law claims in a state forum does not change either the fact that the legal relationship of the parties was materially altered because the judgment eliminated the federal claims from further proceedings in federal court or the conclusion that Defendants' were the prevailing party for purposes of Rule 54(d)(1).

### B. Defendants promptly raised the statute of limitation defense

Plaintiff next argues that Defendants should not be awarded costs because they did not promptly litigate the statute of limitations issue. The essence of Plaintiff's argument hinges on the equitable grounds to withhold the award of costs. Although the statute of limitations may be raised as early as possible, it is not required to be raised as an affirmative defense. Despite Plaintiff's zealous advocacy throughout the course of this litigation, he now contends that it was clear before Defendants filed their motion for summary judgment that the statute of limitations had lapsed on the federal claims. Plaintiff reasons that Defendants' withholding this defense until the summary judgment stage forced them to incur substantially greater costs than if such a defense was raised early on. The court disagrees.

The court does not find that Defendants purposefully, vexatiously, or improperly asserted the statute of limitations defense after discovery had closed. Indeed, Plaintiff raised several tolling doctrines in defense to the statute of limitations bar and zealously litigated his position, arguments which Plaintiff will undoubtedly have to make in the state court litigating his state law claims. To properly raise the statute of limitations argument, it was necessary for Defendants to do so in a summary judgment motion made at the close of discovery because it was

6

through discovery that the court was able to assess the circumstances and conclude that the statute of limitations had run. This affirmative defense was raised as early as practicable and the court concludes that Defendants did not improperly withhold asserting the defense.

### C. Defendants' underlying conduct does not warrant withholding costs

Plaintiff also makes a creative argument in support of his motion, namely that "Plaintiff King was acting in the nature of a Private Attorney General, not only in his own interest, but also in the interests of all current and future students of Mansfield University," when he took depositions to explore the "troubling appearance that there ha[d] been a coverup at Mansfield University of serious crimes to protect the reputation of either Estep, the University, or both a la Penn State University and the Jerry Sandusky sexual assaults matter." (Doc. 99, p. 6 of 9.) Essentially, Plaintiff's argument can be interpreted as one asserting that Defendants' underlying conduct that was the basis for Plaintiff's lawsuit warrants denying Defendants costs. This argument is unpersuasive.

The conduct of litigants may be cause to deny awarding costs. In *Paoli*, the Third Circuit noted that one factor in determining whether to award costs to a prevailing party is "the unclean hands, or bad faith or dilatory tactics, of the prevailing party." *Paoli*, 221 F.3d at 463. While the "unclean hands factor" was not implicated in *Paoli*, the Third Circuit noted that the factor applied to "the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings." *Paoli*, 221 F.3d at 468. The "unclean hands factor" identified in *Paoli* focuses on the prevailing party's conduct *during the litigation*. Plaintiff has not demonstrated that Defendants should be denied costs due to their unclean hands.

Moreover, Plaintiff was not entitled to assume this purported "Private Attorney General" role, and the court will not require Defendants to assume costs they would not normally be required to assume simply based on Plaintiff's unilateral choice to prosecute this claim "in the interest of all current and future students of Mansfield University." (Doc. 99, p. 6 of 9.) To the extent Plaintiff's argument can be interpreted as requesting costs to be withheld due to his good faith or noble intention in bringing the law suit, it is not sufficient to overcome the presumption in favor of awarding costs. *See Paoli R.R.*, 221 F.3d at 468 (stating that "a district court may not consider . . . the losing parties' good faith in pursuing the instant litigation" for purposes of Rule 54(d)(1)).

## IV.     Conclusion

Based on the foregoing, the court concludes that Defendants were the prevailing parties in the captioned federal action for purposes of Rule 54(d)(1) because they received the most favorable outcome on each of the federal claims asserted against them. The court further concludes that the Defendants promptly litigated the statute of limitations argument, the court's disposition of which required consideration of significant evidence brought to light during discovery. Moreover, Plaintiff's intention in prosecuting this lawsuit is insufficient to warrant the court's withholding of costs that are otherwise recoverable pursuant to Rule 54(d)(1). Accordingly, Plaintiff's motion to set aside the costs entered against Plaintiff and in favor of Defendants will be denied in its entirety.

S/Sylvia H. Rambo<br>
United States District Judge

Dated:  January 15, 2015.