IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK KING,** : | |
| **Plaintiff** : | **Civil No. 1:11-CV-1112** |
| : | |
| v. : | |
| : | |
| **MANSFIELD UNIVERSITY OF PENNSYLVANIA,** *et al.*, : | |
| : | **Judge Sylvia H. Rambo** |
| **Defendants** : | |

## **M E M O R A N D U M**

**I.       Background**

Underlying the instant motion in the captioned closed civil case are Plaintiff's allegations that Defendant Mansfield University failed to take appropriate action regarding sexual harassment to which Plaintiff was subjected by another employee, in violation of Title VII of the Civil Rights Act of 1964 (Count I), and that two professors failed to accommodate his depression resulting therefrom, in violation of both Title II of the Americans with Disabilities Act of 1990 (Count VI) and Section 504 of the Rehabilitation Act of 1973 (Count VII). On July 28, 2014, the court entered summary judgment in favor of Defendants on Plaintiff's federal claims after finding that each claim was barred by the applicable statute of limitations, dismissed Plaintiff's Section 1983 claim against the unidentified defendants, and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. *King v. Mansfield Univ.*, Civ. No. 11-cv-1112, 2014 WL 3734551 (M.D. Pa. July 28, 2014) ("King I"), *recons. denied,* 2014 WL 4546524 (M.D. Pa. Sept. 12, 2014) ("King II"). On August 27, 2014, Defendants filed a bill of costs (Doc. 89), to which Plaintiff filed objections (Doc. 94). On November 6, 2014, Defendants filed a

response thereto (Doc. 96), and on December 5, 2014, the Clerk of Court taxed costs against Plaintiff in the amount of $6,553.27[1] (Docs. 97 & 98).

On December 13, 2014, Plaintiff filed a motion to have the court review and set aside the clerk's taxation of costs (Doc. 99), followed by a brief in support on December 25, 2014 (Doc. 100). In his motion to set aside, Plaintiff advanced two primary arguments: first, that Defendants were not prevailing parties and, second, that the costs incurred by Defendants during the litigation were unnecessary because Defendants did not properly litigate the statute of limitations issue. (*Id.*) Defendants filed a brief in opposition on January 12, 2015. (Doc. 101.) On January 15, 2015, the court denied Plaintiff's motion to set aside after finding that Defendants were prevailing parties for purposes of Rule 54(d)(1) and that Defendants properly litigated the statute of limitations issue and necessarily incurred the costs claimed. *See King v. Mansfield Univ.*, Civ. No. 11-cv-1112, 2015 WL 224676 (M.D. Pa. Jan. 15, 2015) ("King III").

Not satisfied with the court's decision, Plaintiff filed the instant motion for reconsideration. (Doc. 105.) In his motion, Plaintiff advances three arguments: first, that the court "committed harmful procedural error" by denying Plaintiff's motion to set aside before Plaintiff "had the opportunity to file a reply brief"; second, that the court did not find Plaintiff's causes of action to be "frivolous, unreasonable, or without foundation"; and third, that the Clerk of Court lacked subject matter jurisdiction to award costs to Defendants under Rule 54(d) because Plaintiff's action involved claims arising from Title VII, the Americans with Disabilities Act, and the

---

[1] The total costs taxed against Plaintiff was comprised of $6,069.95 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," $52.43 for "fees for witnesses," and $430.89 for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." (Doc. 89.) The Bill of Costs contained documentation substantiating the claimed costs. (*See* Doc. 89, pp. 2-27 of 28.)

Rehabilitation Act. (*See* Doc. 105-1.) On February 20, 2015, Defendants filed a response in opposition (Doc. 107), bringing this case to its current posture.

## II. **Legal Standard**

Plaintiff filed his instant motion pursuant to Federal Rule of Civil Procedure 59(e). (*See* Doc. 105.) As the court has previously noted, motions for reconsideration under Rule 59(e) serve primarily to correct manifest errors of law or fact in a prior decision of the court. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Under Rule 59(e), a judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The burden is on the movant to demonstrate that the court overlooked controlling decisions or material facts that were before it on the original motion and that might materially have influenced its earlier decision. *See Scott v. Warden, F.C.I. Schuykill*, Civ. No. 06-cv-1790, 2007 WL 3334997, *3 (M.D. Pa. Nov. 9, 2007). Motions for reconsideration may also be appropriate in instances "where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Reaves v. Pennsylvania State Police*, Civ. No. 09-cv-2549, 2014 WL 486741, *3 (M.D. Pa. Feb. 6, 2014) (quoting *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*,

226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). Reconsideration of a judgment is an extraordinary remedy, and courts should grant such motions sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**III.     Discussion**

After considering the instant motion, the court concludes that Plaintiff has failed to demonstrate his entitlement to relief.

**A.     Harmful Procedural Error**

Plaintiff first argues that the court committed harmful procedural error by denying his motion only three days after Defendants filed their brief in opposition. (Doc. 105-1, p. 4 of 11.) Plaintiff reasons that, by deciding Plaintiff's motion before Plaintiff filed a reply brief, the court deprived Plaintiff of the ability to distinguish the cases relied upon by Defendants. (*See id.*) In essence, Plaintiff argues that the court acted too expeditiously. The court disagrees.

Briefing in the Middle District of Pennsylvania is governed by, *inter alia*, Local Rules 7.5 (governing briefs supporting motions), 7.6 (governing briefs opposing motions), and 7.7 (governing reply briefs). Plaintiff cites to Local Rule 7.7, which provides, in its entirety, as follows:

> A brief in reply to matters argued in a brief in opposition may be filed by the moving party within fourteen (14) days after service of the brief in opposition. No further briefs may be filed without leave of court.

M.D. Pa. L.R. 7.7. While it might be good judicial practice to wait for a reply before ruling, a court need not await a reply brief before reaching a decision. This holds true especially in a case such as this, where the response discussed the issues raised by Plaintiff in his opening brief and did not raise issues not addressed by Plaintiff. In support of his motion to set aside, Plaintiff argued that Defendants were not

prevailing parties. The court disagreed after finding that its granting summary judgment in Defendants' favor "materially altered the legal relationship between the parties." *King III*, 2015 WL 224676 at *2. Although Plaintiff now asserts that he has the ability to distinguish *Sasser v. Amen*, 57 F. App'x 307 (9th Cir. 2003), a Ninth Circuit case cited by Defendants, *Sasser* was not controlling in the court's decision. (Doc. 105-1, p. 4 of 11.) Indeed, an examination of the court's memorandum makes clear that the court applied the Third Circuit's standard of "whether [the] plaintiff achieved 'some of the benefit sought' by the party bringing the suit." *King III*, 2015 WL 224676 at *2 (citing *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 910 (3d Cir. 1985); *John T. v. Delaware Cnty. Intermediate Unit*, 318 F.3d 545, 555 (3d Cir. 2003)). Plaintiff's brief for reconsideration fails to demonstrate how his alleged ability to distinguish *Sasser* or the other cases cited by Defendants would have impacted the court's decision that Defendants were the prevailing parties for purposes of Rule 54(d)(1).

Additionally, the court was under no obligation to refrain from considering Plaintiff's motion until he filed a reply brief. Unlike a brief supporting a motion that must be filed lest the motion be deemed withdrawn, *see* M.D. Pa. L.R. 7.5 ("If a supporting brief is not filed within [fourteen days] . . . the motion shall be deemed withdrawn."), a reply brief is not mandated by the Local Rules. Moreover, Local Rule 7.6 makes clear that the court has unlimited authority to decide a motion before the expiration of the typical briefing schedule. *See* M.D. Pa. L.R. 7.6 ("Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition."). Quite simply, and to respond to Plaintiff's uncertainty exemplified in his brief, the court denied Plaintiff's motion because Plaintiff did not demonstrate his entitlement to the relief he sought in his motion, as explained by his opening brief.

Considering the circumstances of the case, the court concluded that Defendants were prevailing parties for purposes of Rule 54(d). Plaintiff made his position known and the issues raised in Plaintiff's motion were adequately briefed inasmuch as the court did not have to wait for a reply prior to issuing its ruling.

Based on the foregoing, even if the court committed procedural error by acting too quickly in deciding Plaintiff's motion based only on Plaintiff's brief and Defendant's response thereto, Plaintiff has not demonstrated that such error was harmful because his ability to distinguish any case would not have resulted in a different outcome. Accordingly, the court concludes that Plaintiff has failed to demonstrate that the court needs to correct clear error of law or prevent manifest injustice.

### B. New Theories for Relief

In addition to his argument that the court committed harmful procedural error, Plaintiff advances two new theories of relief, namely that the taxation of costs was improper because Plaintiff's causes of action were not frivolous, unreasonable, or without foundation (Doc. 105-1, p. 4 of 11), and that the Clerk of Court lacked subject matter jurisdiction to award costs to a prevailing party under either Title VII, the ADA, or the Rehabilitation Act. (*Id.* at p. 8 of 11.) The court notes that Plaintiff's motion for reconsideration impermissibly raises arguments that were available but not presented in the first instance. The Third Circuit has recognized that motions for reconsideration are not meant to "allow a party to 'simply change theories and try again,' thus giving them a 'second bite at the apple.'" *Prusky v. Prudential Ins. Co. of Am.*, 44 F. App'x 545, 548 n.1 (3d Cir. 2002) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). Although a motion for reconsideration is used to allege legal error, *Dermo v. Isaacson*, Civ. No. 11-cv-6520, 2012 WL 4207179, *1 (E.D. Pa. Sept. 19, 2012)

(quoting *Simms v. Phelps*, Civ. No. 09-cv-0087, 2012 WL 831841, *1 (D. Del. Mar. 9, 2012)), "it is not a vehicle to raise new arguments or present evidence that could have been raised prior to the initial judgment," *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (internal quotation marks omitted).

Here, if Plaintiff wished to challenge either the subject matter jurisdiction of the Clerk of Court to tax costs or the standard applicable to the taxation of costs in a Title VII, ADA, or Rehabilitation Act action, it was incumbent upon him to assert these bases for relief in his motion. *See Playboy Enters. v. Universal Tel-A-Talk*, Civ. No. 96-cv-6961, 1999 WL 285883, *1 (E.D. Pa. Apr. 26, 1999) ("A motion for reconsideration based upon a supposed clear error of law or manifest injustice should not be based upon what is only a disagreement with the court, nor should it be used to present new arguments which could have been made prior to judgment."); *see also Bapu Corp. v. Choice Hotels Int'l, Inc.*, Civ. No. 07-cv-5938, 2010 WL 3259799, *1 (D.N.J. Aug. 17, 2010) ("This court cannot consider Plaintiffs' statute of limitations argument because it was raised for the first time in this motion for reconsideration."). Because Plaintiff failed to raise these theories previously, his "arguments smack of an improper second bite and therefore do not provide a valid basis for reconsideration." *Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, Civ. No. 11-cv-4649, 2012 WL 1956787, *2 (E.D. Pa. May 31, 2012). Simply put, the later two bases for relief asserted in Plaintiff's motion for reconsideration "represent precisely the type of procedural maneuvering that is inappropriate in the reconsideration posture." *Lester v. Percudani*, Civ. No. 01-cv-1182, 2008 WL 4722749, *8 (M.D. Pa. Oct. 24, 2008) (citing *Bhatnagar*, 52 F.3d at 1231) (refusing to either consider or reconsider the defendant's tardy arguments). Thus, reconsideration of the January 15, 2015 memorandum and order based on Plaintiff's new arguments is not warranted.

In any event, even if Plaintiff's untimely and improper arguments were considered, his motion for reconsideration would nevertheless be denied because the court determines that Rule 54(d) pertains to the awarding of costs and that the Clerk of Court had subject matter jurisdiction to tax costs against Plaintiff.

The court rejects Plaintiff's argument that the court had to find his action was frivolous, unreasonable, or without foundation as a prerequisite to tax costs in an action brought under Title VII, the ADA, or the Rehabilitation Act. As Plaintiff acknowledges, Rule 54(d) pertains to the general taxation of costs and provides as follows:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1). Nevertheless, Plaintiff reasons that Title VII, the ADA, and the Rehabilitation Act are all federal statutes that "provide otherwise." (Doc. 105-1, p. 5 of 11.) Plaintiff cites to Section 706(k) of Title VII, which provides that:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . *a reasonable attorney's fee* (including expert fees) *as part of the costs*.

42 U.S.C. § 2000e-5(k) (emphasis supplied). Similarly, Section 12205 of the Americans with Disabilities Act provides, in pertinent part, that:

> In any action or administrative proceeding commenced pursuant to this chapter, the court . . . , in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs.

42 U.S.C. § 12205. The Rehabilitation Act provides, in pertinent part, that:

> In any action or proceeding to enforce or charge a violation of the provisions of this subchapter, the court, in its

> discretion, may allow the prevailing parties . . . a reasonable attorney's fee as part of the costs.

29 U.S.C. § 794a(b). Plaintiff reasons that these three sections confer authority to tax costs in favor of a prevailing party upon the court's discretion rather than to the Clerk of Court. (Doc. 105-1, p. 10 of 11.) Plaintiff's argument is flawed.

The foregoing sections each apply to the assessment of attorney's fees. Rule 54(d)(1), conversely, addresses costs – while expressly excluding attorney's fees – and confers upon the Clerk of Court the ability to make such an award. Notwithstanding this distinction, Plaintiff cites *Christiansburg Garment*, wherein the Supreme Court held that prevailing defendants in Title VII cases may receive an award of attorney's fees only when there has been a finding that the plaintiff's action was frivolous, unreasonable, or without foundation. *See Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1978). Plaintiff relies largely on *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001), which held that *Christiansburg Garment*'s test for attorney's fees applies to the taxation of costs to a prevailing defendant under the ADA because Section 12205 makes fees and costs parallel. The court does not find *Brown* persuasive.

The attorney's fee provisions of Title VII, the ADA, and the Rehabilitation Act make an attorney's fees award discretionary; if given, it may be part of the costs. The statutes do not require that the costs themselves be similarly subject to the court's discretion. Rather, the costs are a given to which attorney's fees may attach. Thus, Rule 54(d)(1)'s presumption in favor of awarding costs to a prevailing party applies. Such an interpretation is consistent with Third Circuit case law. *See Croker v.Boeing Co.*, 662 F.2d 975, 998 (3d Cir. 1981) ("Costs, unlike attorney's fees, are awarded to a prevailing party as a matter of course, unless the district court directs otherwise."), *overruled on other grounds by*, *Halderman v.*

*Pennhurst State Sch. & Hosp.*, 673 F.2d 628, 644 (3d Cir. 1982).  Accordingly, the taxation of costs in a civil action involving Title VII, the ADA, or the Rehabilitation Act need not be restricted to cases where the Plaintiff's claims are frivolous, unreasonable, or without foundation.

Furthermore, the court rejects Plaintiff's argument that the Clerk of Court did not have subject matter jurisdiction to tax costs in a case asserting claims under Title VII, the ADA, and the Rehabilitation Act.  Plaintiff cites to *United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, Civ. No. 94-cv-7316, 2007 WL 4270622 (E.D. Pa. Dec. 3, 2007) for the proposition that the court – rather than the Clerk of Court – had jurisdiction to tax costs.  (*See* Doc. 105-1, p. 10 of 11.) Plaintiff's reliance upon *Pennsylvania Shipbuilding* is misplaced and the posture of that case is readily distinguishable from that in the matter *sub judice*.  In *Pennsylvania Shipbuilding*, the district court vacated the clerk of court's taxation of costs in favor of the defendant after holding that the clerk of court did not have jurisdiction to make such an award pursuant to Rule 54(d)(1).  Significant to the court's decision was the Third Circuit's basis for dismissing Plaintiff's False Claim Act claim, *to wit*, that the court lacked subject matter jurisdiction.  The district court noted that, Section 1919 is an "express carve out" from the general rule that costs should be awarded to the prevailing party, which "provides otherwise" for purposes of Rule 54(d)(1).  *See id.* at *2.  Accordingly, the district court reasoned that, "[b]ecause [an] express provision [for] costs is made in [Section] 1919, Rule 54(d)(1) does not apply to cases dismissed on jurisdictional grounds."  *Id.*  The district court, therefore, applied the discretionary language of Section 1919 for the payment of "just costs,"[2] *see id.*, and "careful[ly] scrutin[ized]" the "items proposed by [the

---

[2] Section 1919 provides that "[w]henever any action or suit is dismissed in any district court
(continued...)

10

defendant] as costs," *see United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, Civ. No. 94-cv-7316, 2008 WL 191167, *3 (E.D. Pa. Jan. 22, 2008). Thus, *Pennsylvania Shipbuilding* involved "just costs" under Section 1919 rather than costs permitted under Rule 54(d)(1).

In this case, summary judgment was granted in Defendant's favor as a result of the expiration of the statutes of limitations applicable to Plaintiff's claims. *See King I*, 2014 WL 373551. The court did not dismiss the action for want of jurisdiction and, therefore, Section 1919 is inapplicable.[3] Without an "express carve out" that "provides otherwise," Rule 54(d)(1) is the operative rule, which grants authority to tax costs upon the Clerk of Court and "creates a strong presumption that costs are to be awarded to the prevailing party." *Simmons v. Poltrone*, Civ. No. 96-cv-8659, 2001 WL 1251464, *1 (E.D. Pa. Sept. 26, 2001) (citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000)). Moreover, the Clerk of Court's ability to tax costs in favor of the prevailing party in cases asserting causes of action under Title VII, the ADA, and the Rehabilitation Act is not novel or exceptional. *See, e.g.*, *Allen v. Nat'l R.R. Passenger Corp.*, 285 F. App'x 937 (3d Cir. 2008) (affirming district court's denial of the unsuccessful Title VII plaintiff's motion seeking to set aside the *clerk of court's taxation* of costs under Rule 54(d)(1)); *Latta v. U.S. Steel-Edgar Thompson Plant*, Civ. No. 11-cv-1622, 2014 WL 1513246 (W.D. Pa. Apr. 16, 2014) (affirming *the clerk of court's taxation* of costs against the unsuccessful ADA plaintiff); *Montana v. Donahoe*, Civ. No. 10-cv-0212, 2011 WL

---

[2](...continued)
. . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919.

[3] The court's refusal to exercise supplemental jurisdiction over Plaintiff's state law claims following judgment being entered in Defendants' favor on each of Plaintiff's federal claims does not change the conclusion that this matter was not dismissed for *want* of subject matter jurisdiction.

5999521 (W.D. Tex. Nov. 30, 2011) (addressing *clerk of court's taxation* of costs against the unsuccessful Rehabilitation Act plaintiff).

Additionally, the court notes that, even if the Clerk of Court did not have the ability to tax costs in this case, the court would have likely reached the same conclusion that an award of costs was appropriate. Indeed, the court conducted a *de novo* review of the Clerk of Court's taxation of costs when considering Plaintiff's motion to set aside, *see King III*, 2015 WL 224676 at *2 (citing *Simmons*, 2001 WL 1251464 at *1) ("The clerk's taxation of costs is subject to *de novo* review."), and concluded that there was no basis to warrant withholding costs from the prevailing party. Furthermore, Plaintiff's motion to set aside the taxation of costs took no issue with either the types or amount of claimed costs taxed aside from his argument that the costs were unnecessary because the Defendants did not promptly argue the statute of limitations issue, which the court rejected. (*See* Doc. 100.) As the court discussed in its memorandum, Defendants promptly raised the statute of limitations defense. *See King III*, 2015 WL 224676 at *3-4. Considering the factual basis and procedural history of this case, the court is not convinced it committed a clear error of law by denying Plaintiff's motion to set aside the Clerk of Court's taxation of costs. Accordingly, Plaintiff's motion will be denied on this basis.

## IV.        Conclusion

Based on the foregoing, the court does not find that it committed harmful procedural error by disposing of Plaintiff's motion to set aside the Clerk of Court's taxation of costs before Plaintiff filed a reply brief. Although a motion for reconsideration is not a vehicle to raise new arguments or present evidence that could have been raised prior to the initial judgment, the court determines that Plaintiff's bases for relief asserted in the instant motion are likewise unavailing because the

Clerk of Court had jurisdiction to tax costs in this action and because neither Title VII, the ADA, nor the Rehabilitation Act requires a finding that the action was frivolous, unreasonable, or without foundation in order to award costs to a prevailing defendant. Thus, the court concludes that Plaintiff has failed to sustain his burden in demonstrating that there has been a change in controlling law, new evidence, or a clear error of law or fact. Accordingly, Plaintiff's motion for reconsideration will be denied in its entirety.

   An appropriate order will issue.

                    s/Sylvia H. Rambo
                    United States District Judge

Dated: February 27, 2015.